## Exchange National Bank v. Welch et ux.

*Gunnison, Fish, Gifford & Chapin*, for plaintiff.

*S. Y. Rossiter*, for defendants.

*J. B. Held*, for sheriff.

HIRT, J., July 12, 1935.—This matter is before the court on a rule for distribution of the proceeds of a sheriff's sale of land.

The sheriff's and prothonotary's costs and the poundage were $112.24 and there were unpaid city, county and school taxes against the land amounting in all to $171.06. At the sheriff's sale the property was struck down to plaintiff, Exchange National Bank, on its bid of $283.30, which sum is just sufficient to pay the above costs and all of the unpaid taxes assessed against the land. It is admitted that this bid was made "subject to the future determination of the effect of the Act of May 1, 1935," [P. L. 129]. This act of assembly authorized the abatement of tax penalties on delinquent county, city and school taxes for the year 1934 and all previous years on payment of 1935 taxes and the further payment of 20 percent of the delinquent taxes before November 1, 1935, and a like payment annually thereafter until the taxes are paid in full. This act, by its explicit terms, applies "to all taxes whether, or not, liens for such taxes have been returned for nonpayment, or have been filed in the office of the

prothonotary of the county, or proceedings for the collection of such taxes have been instituted in any court in said county." It further provides: "The benefits of this act shall extend to and accrue to any grantee, transferee, mortgagee, or other party in interest in the real estate against which the above mentioned taxes have been assessed and levied.

It is plaintiff's contention that since it made its bid "subject to the future determination of the effect" of the above act of assembly, it is entitled to receive back that part of its bid over and above the amount of the costs, the taxes for 1935 and 20 percent of the delinquent taxes.

The provisions of the Act of May 16, 1923, P. L. 207, in our opinion, prevent a return to the plaintiff of any part of the bid. This act was not repealed, either explicitly or by implication, by the Act of May 1, 1935, P. L. 129, and they are not inconsistent; each has its independent sphere of operation. Section 2 of the Act of May 16, 1923, P. L. 207, provides:

"All taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth . . . in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a first lien on the said property, together with all charges, expenses, and fees added thereto for failure to pay promptly; and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made."

This act also, in effect, provides that a tax lien is divested by a judicial sale except so much thereof as the proceeds of such sale may be insufficient to discharge. Here then, we have a fund representing the proceeds of a judicial sale sufficient to pay all costs and taxes which are liens against the premises, which, under the above

Act of 1923, divests the lien of all taxes, since the fund is sufficient to pay them in full, and, under the mandate of section 2 of the above act, providing that such taxes shall have priority and shall be paid and satisfied out of the proceeds of any judicial sale after the payment of costs, we are obliged to allocate the money in the hands of the sheriff, after the payment of costs, to the payment of these delinquent taxes.

True, the Act of May 1, 1935, supra, by its terms, applies to all taxes, and the benefits of the act extend to any grantee, transferee, mortgagee, or other party in interest in the real estate against which taxes have been assessed and levied. Plaintiff, having bid in the property, would be entitled to the benefits of this act of assembly if the proceeds of this judicial sale were not sufficient to discharge the delinquent taxes, but inasmuch as the fund in the hands of the sheriff will pay the taxes in full, the fund must be used for that purpose under the Act of 1923, supra.

And now, to wit, July 12, 1935, the fund in the hands of the sheriff after the payment of costs is directed to be applied to the payment of delinquent taxes against the land described in the writ.